**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF OREGON

**ELIZABETH L. PERRIS**
CHIEF BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK
STEPHEN A. RAHER, LAW CLERK

March 8, 2010

Ted A. Troutman
Muir & Troutman
16100 NW Cornell Rd., Suite 200
Beaverton, OR 97006

>    Re:  <u>In re Evelyn Anne Autery</u>, Case No. 08-30473-elp
>         <u>Autery v. TMIRS Enterprises, LTD.</u>, Adv. Pro. No. 09-03420-elp
>         Damages for Violation of Automatic Stay

Dear Counsel:

The purpose of this letter is to give you my ruling on the damages to be awarded to Evelyn Autery (debtor) for the violation of the automatic stay by TMIRS Enterprises, LTD. (creditor). I took this matter under advisement after a prove-up hearing on February 12, 2010, to determine these damages.

Debtor filed a complaint against creditor for violating the automatic stay under 11 U.S.C. § 362. Debtor alleged that creditor violated the stay by sending a collection letter and contacting debtor by phone, demanding payment on a debt subject to the automatic stay. In her prayer for relief, debtor requested economic damages to be proven at trial, $15,000 in emotional distress damages, $25,000 in punitive damages, and debtor's attorney fees and costs incurred in this adversary proceeding. Creditor was served and did not file an answer within the 30 days as required by Bankruptcy Rule 7012(a). An Order of Default was entered January 28, 2010, and a prove-up hearing was held on February 12, 2010, to determine the issue of damages.

The automatic stay prohibits, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case . . . ." 11 U.S.C. § 362(a)(6). "[A]n individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

At the prove-up hearing, debtor failed to provide any evidence of actual economic damages resulting from the violation of the stay. Additionally, debtor did not include a blank for the award of economic damages in the judgment she lodged with the court. Therefore, debtor is deemed to have abandoned this item of damages.

Debtor has conceded that no award of attorney fees or costs is warranted in this proceeding. She lodged with the court a statement requesting a judgment without costs or attorney fees.

Debtor claimed and offered sufficient evidence to support emotional distress damages. Emotional distress damages are governed by the three-part test set out in *Dawson,* requiring that

> the individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay (as distinct, for instance, from the anxiety and pressures inherent in the bankruptcy process).

*In re Dawson*, 309 F.3d 1139, 1149 (9th Cir. 2004).

Debtor pled and offered testimony that a collection letter was sent in violation of the stay seven months after creditor filed a proof of claim in debtor's bankruptcy. In addition, debtor testified that creditor contacted her multiple times by telephone during the period of the automatic stay and that this caused "crying and stressing out." Debtor's testimony showed that the violation of the automatic stay caused significant harm in the form of emotional distress. Debtor testified to the feelings she had regarding the bankruptcy as a whole versus those she experienced as a result of the multiple improper collection activities, demonstrating that her feelings of distress resulting from the violation of stay were distinct from "the pressures inherent in the bankruptcy process." *Dawson*, 309 F.3d at 1149. This evidence is sufficient to satisfy the *Dawson* test. Therefore, I will award debtor emotional distress damages.

There is no set metric for determining the amount of emotional distress damages, so I look to existing caselaw for guidance. Creditor's violation of the stay in this case caused more harm than that caused in *In re Headrick*, 285 B.R. 540, 549 (Bankr. S.D. Ga. 2001), wherein debtors were awarded $200 after receiving two collection notices. However, creditor caused less harm than in *In re Fynn*, 185 B.R. 89, 93 (S.D. Ga. 1995) (cited with approval in *Dawson*, 346 B.R. at 1150), wherein debtor was awarded $5,000 after her checking account was frozen in violation of the automatic stay and, as a result, she was forced to cancel her son's birthday party. I conclude that an award of $1,000 is

appropriate based on the degree of stress and anxiety cased by the creditor's repeated violations.

    Lastly, debtor sought to recover punitive damages against creditor for violation of the automatic stay. Punitive damages are awarded where the conduct was "malicious, wanton or oppressive" or constituted "egregious, intentional conduct." *In re Ramirez*, 183 B.R. 583, 590 (9th Cir. BAP 1995); *In re McHenry*, 179 B.R. 165, 168 (9th Cir. BAP 1995). Debtor did not raise sufficient evidence to support the claim that creditor's action qualifies under these tests. Therefore, I will not grant the debtor punitive damages.

    For these reasons, I conclude that debtor should be awarded $1,000 for emotional distress resulting from creditor's violation of the automatic stay. Debtor is deemed to have abandoned her claim for attorney fees and economic damages and did not meet the burden of proof for punitive damages.

    Very truly yours,

    *Elizabeth L. Perris*

    ELIZABETH L. PERRIS
    Bankruptcy Judge

cc:  TMIRS Enterprises Ltd. dba TaxMasters